```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

Thomas H. Saliba

    v.                               Civil No. 18-cv-498-JD
                                          Opinion No. 2018 DNH 164

Greenfield, Stein & Senior, LLP


## O R D E R

Thomas H. Saliba brought suit in state court against a law firm, Greenfield, Stein & Senior, LLP, ("GSS") challenging the firm's decision to retain money, in escrow, to cover its fees. The firm removed the case to this court and moved to dismiss the case for lack of personal jurisdiction or alternatively based on a forum selection clause. Saliba objects to the motion.

## I. Background

Thomas Saliba lives in New Hampshire. He was named as a co-trustee of the Edwin P. Twombly, Jr. Trust. Ralph E. Lerner was also a co-trustee. Saliba hired GSS, a law firm in New York City, to represent the Trust in April of 2013, and both Saliba and Lerner, as co-trustees, signed the engagement letter to GSS.

In 2014, another co-trustee brought a legal action seeking to remove Saliba and Lerner as trustees. GSS was hired and agreed to represent the Trust in that litigation. Saliba and Lerner retained personal counsel to represent them in the litigation. GSS represents that there were several disputes

involving the Trust and the co-trustees and beneficiaries. The litigation of the disputes occurred in New York Surrogate's Court, New York County.

The parties to the litigation entered a settlement agreement in 2018 to resolve all of the disputes. Under the terms of the agreement, Saliba and Lerner were to be paid an agreed amount for their services to the Trust in exchange for their resignation from and renunciation of their positions as co-trustees. In paragraph 10 of the agreement, Lerner was authorized to pay $3,650,000.00 to GSS "as attorneys for [Lerner] and [Saliba] which shall be disbursed to [Lerner] and [Saliba] upon the effective date of their Resignation and Renunciation pursuant to paragraph 12, and (2)." Doc. 6-3, at 10-11.

The funds were paid to GSS as provided in the agreement. GSS paid Saliba just over $1,700,000.00 of the money from the Trust but retained $116,851.07 in an escrow account. GSS sent Saliba an invoice and letters to have him agree that GSS could retain the withheld money to pay its outstanding balance for legal services. Saliba contends that GSS only represented the Trust and did not represent him. For that reason, he contends that he does not owe GSS for its fees and that GSS is required to pay him the money it has retained.

II. Personal Jurisdiction

A party may move to dismiss an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When no evidentiary hearing is held on a motion challenging personal jurisdiction, the court uses the prima facie standard, which requires the plaintiff to provide evidence that if taken as true supports personal jurisdiction. Scottsdale Capital Advisors Corp. v. The Deal, LLC, 887 F.3d 17, 20 (1st Cir. 2018).

To meet that burden, the plaintiff cannot rely on the allegations in the complaint but instead must submit evidence to show jurisdictional facts. A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 58 (1st Cir. 2016). Then, the court accepts the properly supported facts as true and construes them in the light most favorable to finding that jurisdiction exists. Id. Evidence presented by the defendants may be considered only to the extent it is undisputed. Id.

In a diversity jurisdiction case, such as this one, personal jurisdiction exists to the extent allowed under the Due Process Clause of the Fourteenth Amendment and the forum state's long-arm statute. Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016). New Hampshire's individual long-arm statute, RSA 510:4, authorizes jurisdiction over foreign defendants to the full extent of the statutory language and the Due Process Clause. N. Laminate Sales, Inc. v.

3

Davis, 403 F.3d 14, 24 (1st Cir. 2005); Allstate Property & Casualty Ins. Co. v. Grohe Canada, Inc., 2018 DNH 032, 2018 WL 851351, at *2 (D.N.H. Feb. 13, 2018). Because the long-arm statute is coextensive with federal due process, only the due process requirements need to be addressed. Scottsdale Capital Advisors Corp. v. Deal, LLC, 2017 WL 2981243, at *1 (D.N.H. Sept. 8, 2017) (aff'd 887 F.3d 17 (1st Cir. 2018)).

Personal jurisdiction may be general or specific. Bluetarp Fin., Inc. v. Matrix Constr. Co., Inc., 709 F.3d 72, 79 (1st Cir. 2013). Saliba contends that the court is authorized to exercise specific personal jurisdiction over GSS because of GSS's efforts directed to him in New Hampshire to collect its fees from him personally. Specific personal jurisdiction exists when (1) the plaintiff's claim "directly arises out of or relates to the defendant's forum-state activities; (2) the defendant's contacts with the forum state represent a purposeful availment of the privilege of conducting activities in that state, . . . ; and (3) the exercise of jurisdiction is ultimately reasonable." Scottsdale, 887 F.3d at 20. The primary focus for determining whether personal jurisdiction exists is "the defendant's relationship to the forum State." Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco County, 137 S. Ct. 1773, 1779 (2017).

A. Relatedness

The nature of the plaintiff's claims directs the analysis for purposes of determining relatedness. Phillips Exeter Acad. V. Howard Phillips Fund, 196 F.3d 284, 289 (1st Cir. 1999). For tort claims, the court considers whether "the plaintiff has established cause in fact (i.e., the injury would not have occurred but for the defendant's forum-state activity) and legal cause (i.e., the defendant's in-state conduct gave birth to the cause of action)." Scottsdale, 887 F.3d at 20-21 (internal quotation marks omitted). For contract claims, the court considers "whether the defendant's activity in the forum state was instrumental either in the formation of the contract or its breach." Phillips v. Prairie Eye Ctr., 530 F.3d 22, 27 (1st Cir. 2008) (internal quotation marks omitted); see also Gulf Oil Ltd. P'ship v. Petroleum Mktg. Gr., Inc., 308 F. Supp. 3d 453, 459-61 (D. Mass. 2018) (emphasizing that relatedness depends on the defendant's actions, not where an injury was felt).

In this case, Saliba seeks a declaratory judgment that he is entitled to the $116,851.07 that GSS is holding in escrow as payment for its legal services. Saliba also alleges that GSS is wrongfully withholding the money in violation of RSA chapter 358-A (New Hampshire's Consumer Protection Act), and alleges that GSS has breached its fiduciary duty as an escrow agent.

5

Saliba contends that his claims do not raise a contract issue. GSS relies on the relatedness analyses in Sawtelle v. Farrell, 70 F.3d 1381, 1389 (1st Cir. 1995), which involved a legal malpractice claim, and Dagesse v. Law Firm of Esperti, Peterson & Cahoone, 2003 WL 22871700, at *4-*5 (D.N.H. Dec. 4, 2003), which involved a contract claim and a legal malpractice claim. As alleged, Saliba does not claim that a contract existed between himself and GSS or that GSS breached a contract. Therefore, the claims are assessed under the tort standard for relatedness.

Saliba argues that his claims arose from GSS's letters and emails to him, in New Hampshire, seeking to collect the disputed fees from him. While those communications do address the issue of fees, Saliba brought suit to recover the money that GSS is holding as payment for its fees. In other words, the injury he is seeking to redress is GSS's failure to include the $116,851.07 when it sent him his share of the settlement amount. As such, Saliba's claims arose from and are based on GSS's decision to withhold money from the settlement amount to pay its fees.

The settlement money was delivered to GSS in New York. GSS decided to retain $116,851.07 to pay its fees in New York. GSS's communications directed to Saliba in New Hampshire to

justify its claim to the money and to explain its decision were not the cause in fact or the legal cause of Saliba's claims.[1]

B. <u>Purposeful Availment and Reasonableness</u>

Because Saliba has not carried his burden to show that his claims are related to GSS's contacts with New Hampshire, it is not necessary to consider the other two elements of specific personal jurisdiction: purposeful availment and reasonableness. Nevertheless, the court also concludes that Saliba has not shown that GSS "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). Even if an attorney-client relationship had existed between Saliba and GSS, which Saliba denies, his residency in New Hampshire is not enough to show personal availment. See Sawtelle, 70 F.3d at 1392. Further, given GSS's location in New York and New York being the location of the pertinent actions in this case, Saliba has not shown that it would be reasonable to exercise jurisdiction over GSS in New Hampshire. See A Corp., 812 F.3d at 61 (listing elements of reasonableness inquiry).

---

[1] The parties dispute whether Saliba was actually in New Hampshire when he received GSS's communications. That issue need not be resolved because the communications, even if made to Saliba while he was in New Hampshire, were not the cause of the injury claimed by Saliba.

7

C.  Forum Selection Clause

Because the court lacks personal jurisdiction over GSS, it does not consider the argument that the case must be dismissed based on the forum selection clause in the settlement agreement.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 6) is granted in that the case is dismissed for lack of personal jurisdiction.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

August 13, 2018

cc:  Peter G. Callaghan, Esq.
     Megan C. Carrier, Esq.
     James F. Ogorchock, Esq.